LOUISE R. SOLON, Suing on Behalf of Herself and All Other Stockholders of HAYKEL INDUSTRIES, Inc., Similarly Situated, Appellant, *v.* HAYKEL INDUSTRIES, INC., et al., Defendants; LEO A. WEISS et al., Respondents.

Fourth Department, June 29, 1967.

*Brennan, Centner & Palermo* (*Anthony R. Palermo* of counsel), for appellant.

*Moser, Johnson & Reif* (*J. Boyd Mullan* of counsel), for Leo A. Weiss, respondent.

*Marlow, Marlow & Marlow* (*J. Boyd Mullan* of counsel), for Mildred R. Weiss, respondent.

Bastow, J. P.  This derivative stockholder's action brought by a minority stockholder on behalf of herself, other stockholders and the corporation, Haykel Industries, Inc., (Haykel Industries) presents as the basic issue the right to possession of 293,609 shares of common stock of Avien, Inc. (Avien).  Plaintiff claims that Haykel Industries is entitled to such possession.  Defendant, Leo Weiss (Weiss) has such possession and contends he is entitled to retain it. The trial court dismissed the complaint. In so doing it made certain factual findings consisting principally of a recital of documents received in evidence.  In conclusion it

was stated that " These documents and the pertinent testimony had herein leads to the conclusion " that Weiss was entitled to the shares. We are not told what " pertinent testimony " moved the court to this conclusion.

An intelligent understanding of the issues presented requires a statement of the facts as found by us. In March, 1962 Avien, of which Weiss was president, entered into an agreement with Marine Midland Trust Company and its agent, Talcott, by which Avien agreed to assign accounts receivable and the bank agreed to advance up to 80% of the net amount of the receivables. Avien assigned to the bank's agent as security sundry assets of the corporation. Weiss executed a guarantee of the loan and pledged as collateral (along with other securities) his shares of Avien stock, including the 293,609 with which we are concerned. In September, 1964 Avien filed a chapter 11 petition in bankruptcy and at that time was obligated to Marine Midland in a sum in excess of $750,000.

Shortly thereafter, one Joseph Solon, husband of the individual plaintiff, became a director of Avien and was authorized by the board of that corporation to find a friendly third party who would acquire the bank's position — presumably at a substantial discount. Weiss and Solon were joined in this endeavor by one Henry Hays, a substantial stockholder in Avien and the owner of all the shares of Haykel Corporation — an entity separate and distinct from Haykel Industries. These three in June, 1965 agreed to organize the latter corporation with Weiss to have a 50% interest therein while Hays and Mrs. Solon, the individual plaintiff, each was to have a 25% interest.

In the meantime and on May 28, 1965 Solon, as agent, and Haykel Corporation had obtained from Marine Midland a written commitment to assign the Avien debt in consideration of the payment of $330,000 plus the performance by the assignees of other obligations unnecessary to detail. Therein the bank and its agent also agreed to assign certain capital stock of Avien " subject to written authorization " from Weiss and his attorneys. The commitment expired on September 30, 1965 but was subsequently extended to December 30, 1965. On December 19, 1965 Haykel Corporation and Solon assigned their interest in this commitment to Haykel Industries.

During the Summer and Fall of 1965 a dispute raged between Solon and Weiss regarding the latter's pledged Avien stock with Hays attempting to mediate the disagreement. It is unnecessary to explore the dispute in detail. Suffice it to say that Weiss' position was based on certain provisions in a letter agreement of June 8, 1965 whereas Solon contended that inasmuch

as he proposed to assign to Haykel Industries his 50% interest in the commitment agreement of the bank and had (through his wife) only a 25% interest in Haykel Industries the latter should receive all that the bank possessed.

In passing it should be mentioned that the letter agreement of June 8, 1965 was by a provision therein self-terminating at the end of 90 days and was not extended. While mentioned in the complaint and annexed as an exhibit to the answer of respondents, it was not offered or received as a trial exhibit. Its pertinency, except as a historical fact in the litigation, appears to have disappeared from the case.

Instead the issues that shaped up upon the trial centered upon certain documents executed in December, 1965. By letter dated December 7 addressed to Marine Midland, Hays and Solon purported to modify the terms of the commitment of May 28, 1965 so as, among other things, to authorize the bank to deliver to Weiss the 293,609 shares of Avien " subject to escrow agreement of December 9, 1965." This mentioned escrow agreement was executed by Hays for Haykel Industries, Solon, Weiss and the escrow agent named therein. Attached to this agreement were two riders all signed by Solon, Weiss and Hays, or his attorney in fact.

The escrow agreement provided that (1) the 293,609 shares to be delivered by Marine Midland to Weiss should simultaneously be delivered to the named escrow agent to be held for 60 days from the date of closing with Marine Midland; (2) Weiss agreed not to sell or hypothecate the shares for the 60-day period and (3) at the end of said period the agent was authorized to deliver the shares to Weiss. The first Rider ("A") required Weiss to give a proxy for the shares to a named person and required the latter not to vote the shares in matters affecting Haykel Industries without Solon's concurrence.

Crucial to the issues here presented is the second Rider ("B"). In pertinent part it is provided therein that the sixty-day period referred to in the escrow agreement and Rider "A" was "intended to provide all parties time to initiate legal proceedings to protect and establish any rights or claims they might have. None of the documents or other papers relating to this closing, whether fully executed or not shall constitute a waiver or admission of the rights of the parties, nor shall operate to foreclose any claims of the parties."

There is clear proof that Hays signed the letter of December 7, and the escrow agreement of December 9 on the latter day as he was leaving that day for Florida. His signature was conditioned on approval of the documents by Solon and counsel for Haykel

Industries. Neither Weiss nor Solon signed any of the documents on December 9. The proof is overwhelming that this long-standing dispute was resolved on December 19, 1965 when Solon executed the letter of December 7; Solon and Weiss executed the escrow agreement of December 9 and the two riders made a part of the latter agreement. At the same time either Hays, who had returned from Florida, or his son, who held his father's power of attorney, signed Riders "A" and "B". The closing with Marine Midland took place on December 29, 1965.

We start with the fact that the shares of Avien stock had been unconditionally pledged by Weiss to Talcott, as agent for Marine Midland, as collateral to Weiss' guarantee of performance of the obligations of Avien and other corporations to Marine Midland. The writing of March 23, 1962 expressly granted to Talcott the right at its option to transfer the pledged property to itself or its nominee. Marine Midland and Talcott by the writing of May 28, 1965 agreed to transfer this stock to Haykel Corporation and Solon, as agent. While such transfer was subject to written authorization of Weiss, such consent could not have been unreasonably withheld. No proof has been presented that Weiss at that time had any independent valid claim to the shares that diluted or affected the rights of Marine Midland and Talcott.

The present contention of Weiss that the letter of December 7, 1965 addressed to Marine Midland expresses the intent of the parties that the shares of Avien stock were to be returned to him is not supported by the contents of the writing, the collateral documents or the testimony upon the trial — Weiss rested at the close of plaintiffs' case. This letter, as heretofore stated, was signed conditionally by Hays on December 9 but it was not signed by Solon until December 19 when it was expressly made subject to the escrow agreement of December 9. The latter agreement and Rider "B" thereto, together with the trial proof, establishes that the long-standing dispute between Solon and Weiss was temporarily abated (so that there could be a closing with Marine Midland) by providing that the stock be placed in escrow with Frisch until there was a judicial determination of the respective claims of Weiss, as an individual, and Solon on behalf of Haykel Industries. If no party commenced an action seeking such a determination within the 60-day period the escrow holder was authorized to deliver the stock to Weiss.

Subsequent events fortify this view. Within 60 days from the date (December 29, 1965) of closing with Marine Midland this action was commenced. Weiss on February 10, 1966 also commenced an action against Hays, the Solons and Haykel

Industries seeking a declaration that he was the owner of the shares of stock. That action was subsequently discontinued—probably because Weiss, according to the proof on this trial, obtained possession of the shares from the office of the escrow holder while the latter was on vacation.

Weiss has established no valid claim to the shares of Avien stock. Haykel Industries (succeeding by assignment to the rights of Solon and Haykel Corporation) was entitled to receive on December 29, 1965 the Avien shares pursuant to the provisions of the agreement of May 28, 1965 between Marine Midland, Solon and Haykel Corporation.

The judgment and order should be reversed and judgment granted that Haykel Industries, Inc. is entitled to the possession of said 293,609 shares of Avien, Inc. and all rights granted in the original pledge of stock to collateralize guarantee dated March 23, 1962 and that defendant, Leo Weiss, be directed to transfer and deliver said shares to Haykel Industries, Inc.

GOLDMAN, HENRY, DEL VECCHIO and MARSH, JJ., concur.

Judgment and order unanimously reversed, on the law and facts, with costs to appellant, and judgment granted that Haykel Industries, Inc. is entitled to the possession of 293,609 shares of Avien, Inc. and all rights granted in the original pledge of stock to collateralize guarantee dated March 23, 1962 and that defendant, Leo A. Weiss, be directed to transfer and deliver said shares to Haykel Industries, Inc. Inconsistent findings of fact disapproved and reversed and new findings made.